FILED
June 03, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003539846

4

Mark A. Wolff (175570)
WOLFF & WOLFF
8861 Williamson Drive, Suite 30
Elk Grove CA 95624
Phone: (916) 714-5050
Fax:     (916) 714-5054
e-mail: markwolff@wolffandwolff.com

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re:

Michael Medina

Lisa Medina

Case #:   10-36690-A-13J
MC#:      WW-1
Chapter:  13

Date:   July 5, 2011
Time:   1:30 PM
Place:  U.S. Bankruptcy Court
        Department A
        Courtroom 28, 7th Floor
        501 I Street
        Sacramento, CA 95814

MOTION FOR TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE

PURSUANT TO 11 U.S.C. § 542(b)

Debtor(s), by and through their attorney Mark A. Wolff of Wolff and Wolff, hereby request that the Los Angeles County Sheriff's Department turnover property of the bankruptcy estate pursuant to 11 U.S.C. § 542(b) as follows:

STATEMENT OF FACTS

1.      Debtors filed for relief under Chapter 13 on or about June 25, 2010.

2.      Before the filing of this case, American Express ("AMEX") brought a lawsuit against Debtor Michael Medina in Sacramento County Superior Court ("SCSC"), case number

Page 1

| | |
|---|---|
| 1 | number 34-2008-00022521-CL-CL-GDS. |
| 2 | 3. On or about October 14, 2009 AMEX obtained a judgment in the amount of $2,989.68 against Debtor. |
| 4 | 4. On April 26, 2010 the SCSC issued a Writ of Execution ("Writ") for AMEX. AMEX was entitled to collect $3,337.00 after the costs and fees were added to the judgment. |
| 6 | 5. Pursuant to the Writ, AMEX prepared and obtained an Earnings Withholding Order ("EWO") that was sent to the levying officer, Los Angeles Sherriff's Department ("LASD"). |
| 9 | 6. On or about May 12, 2010 LASD received the EWO. |
| 10 | 7. LASD sent the EWO to my employer, Siemens Communications, Inc. ("Siemens"). |
| 11 | 8. After Debtors filed the bankruptcy case, Siemens was sent notice of the bankruptcy case through a Memorandum to Creditor, Sheriff, and Employer of Debtor dated June 25, 2010 via first class mail and facsimile. |
| 14 | 9. Erica L. Brachfeld, Esq., AMEX's attorney, was sent notice of the bankruptcy case through a Memorandum to Creditor, Sheriff, and Employer of Debtor dated June 25, 2010 via first class mail. |
| 17 | 10. LASD was sent notice of the bankruptcy case through Memorandum to Creditor, Sheriff, and Employer of Debtor dated June 25, 2010 via first class mail and facsimile. |
| 19 | 11. On June 18, 2010 Siemens deducted $248.54 from my paycheck pursuant to the EWO. |
| 20 | 12. On June 25, 2010 Siemens deducted $245.55 from my paycheck. |
| 21 | 13. On July 2, 2010 Siemens deducted $339.50 from my paycheck. |
| 22 | 14. The July 2, 2010 deduction was the last deduction related to the EWO. |
| 23 | 15. LASD garnished $836.89 in total pursuant to the EWO. |
| 24 | 16. On November 8, 2010 LASD issued check number TS 0012955652 in the amount of $836.89 paid payable to "Siemens Communications Inc., Attn: Payroll/re: Medina Michael." |

17. LASD's policy is to write the refund check to the employer, not directly to the employee whose wages were garnished. It is the employer's responsibility to cash the check and them refund the garnished wages to the employee.

18. On November 17, 2010 Mark A. Wolff wrote a letter to Siemens requesting information regarding the status of the garnished wages. The letter indicated that LASD had previously attempted to issue Siemens a check on July 29, 2010 and August 2, 2010.

19. Siemens wrote Mark Wolff a handwritten letter on December 1, 2010 advising that Siemens had forwarded check number TS 0012955652 to Debtor. Based on the content of the December 1, 2010 letter, it appears that Siemens' policy is to forward the refund of the garnished wages from the levying officer directly to the employee, to be cashed by the employee.

20. Debtor attempted to cash LASD check number TS 0012955652, but was unsuccessful because it was written to Siemens.

21. Debtor tried to contact Siemens' garnishment department, but was unsuccessful in getting any response. Despite several messages left for the garnishment department regarding this matter, Wolff & Wolff has yet to receive a returned phone call or other response from Siemens.

22. In an effort to get Siemens to cash the LASD check and to issue a refund check to Debtors, Wolff & Wolff sent a letter dated January 13, 2011 to Siemens via Certified First Class Mail, along with LASD check number TS 0012955652. The January 13, 2011 letter acknowledged receipt of LASD check number TS 0012955652 that was forwarded by Siemens to us on December 1, 2010. The letter advised Siemens that Debtor could not cash LASD check number TS 0012955652, as it is made payable to Siemens Communications, and not to Debtors. The letter requested that in order for the funds to be correctly reimbursed to, Siemens would need to cash the check from LASD and then issue a check directly to Debtors.

23. Wolff & Wolff received the return receipt indicating that Siemens received the January 13, 2011 letter on or about January 24, 2011.
24. Siemens returned check number TS 0012955652 to LASD and that this is the third refund check that Siemens has returned to LASD.

THE GARNISHED WAGES ARE PROPERTY OF THE BANKRUPTCY ESTATE, THEREFORE DEBTORS REQUEST THAT LOS ANGELES SHERIFF'S DEPARTMENT FORWARD THE GARNISHED WAGES TO THE CHAPTER 13 TRUSTEE

Debtors request that LASD forward the garnished wages to directly to Debtors OR the Chapter 13 Trustee Jan P. Johnson. The garnished wages are property of the bankruptcy estate and Debtors are entitled to the return of the garnished wages from LASD. The bankruptcy code authorizes turnover of property of the bankruptcy estate to the Trustee. 11 U.S.C. § 522(b). LASD's official policy is to return the garnished wages to Debtor's employer, Siemens, and then have the employer pay the employee.

In light of all the unsuccessful attempts that LASD has taken to refund the garnished wages by making it payable to Siemens, Debtors request that LASD write the refund check payable to "Jan P. Johnson, Chapter 13 Trustee" and send it to him at his address located at PO Box 1557, Sacramento, CA 95812-1557. As the Chapter 13 Plan payments are currently being paid directly to the Chapter 13 Trustee by a wage order through Lisa Medina's job, Debtors will request that the Chapter 13 Trustee forward them a refund check for the garnished wages.

WHEREFORE Debtors request that the Court order the Los Angeles Sheriff's Department to make the refund check of $836.89 payable to "Jan P. Johnson, Chapter 13 Trustee" and send it to him at PO Box 1557, Sacramento, CA 95812-1557.

Respectfully submitted,
WOLFF & WOLFF

Dated: 6/3/11

By: _____
Mark A. Wolff